**UNITED STATES of America ex rel. Robert V. HARMASH, Petitioner,**

v.

**Melvin LAIRD, Secretary of Defense, Commanding Officer, Fort Leavenworth Disciplinary Barracks, Leavenworth, Kansas, Respondents.**

**Civ. A. No. L-2332.**

United States District Court,
D. Kansas.

March 16, 1973.

Aaron J. Jaffe, New York City, Fred S. Jackson, Topeka, Kan., for plaintiff (petitioner).

Robert J. Roth, U. S. Atty., Wichita, Kan., Bruce Miller, Asst. U. S. Atty., Topeka, Kan., Jon Paul Tangen, Captain,

JAGC, Office of the Judge Advocate General, Washington, D. C., for respondents.

## FINDINGS AND ORDER

TEMPLAR, District Judge.

On November 13, 1972, Robert V. Harmash filed a petition for a writ of habeas corpus in this Court. The petitioner had been court-martialed, found guilty and sentenced to be confined in the Disciplinary Barracks at Fort Leavenworth, Kansas. The petitioner challenges the jurisdiction of the military to try him, alleging that he was never lawfully inducted into the armed services.

This Court in its Memorandum and Order of November 21, 1972 dismissed the petition on the grounds that petitioner had not exhausted his remedies within the military court system. On December 19, 1972, the Court sustained petitioner's motion for reconsideration, out of an abundance of caution, based upon Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972), and directed that a Rule to Show Cause be issued. After the Government had answered and the petitioner had filed a Traverse, and after the Court had considered the briefs and Record as a whole, the Court concluded that petitioner should be granted an evidentiary hearing.

The evidentiary hearing was held on February 22, 1973, and at the direction of the Court the parties have filed their suggested findings.

■ Due to the time lapse between petitioner's alleged induction and the above evidentiary hearing, i. e, some 5½ years, memories have faded, and the only person who claims to have any independent recollection concerning the induction of petitioner, is petitioner himself, and he can't remember for sure if the prospective inductees were asked to take the step forward or not. However, as the Court instructs the jury when they are the finders of fact, as between direct and circumstantial evidence, the law makes no distinction.

■ After considering the evidence presented at the evidentiary hearing, the exhibits heretofore offered and received, the suggested findings submitted by the parties, their briefs and the Record as a whole, the Court makes the following:

## FINDINGS OF FACT

1. Petitioner is presently confined in the United States Disciplinary Barracks, Fort Leavenworth, Kansas, pursuant to the sentence of a General Court-Martial convened by the Commander, United States Army Training Center, Infantry, Fort Dix, New Jersey, for absence without leave from Fort Dix, New Jersey from March 29, 1968 until June 27, 1972, in violation of Title 10, United States Code, section 886. Having been found guilty, petitioner was sentenced to be confined at hard labor for nine months, to forfeit all pay and allowances and to be dishonorably discharged from the Army.

2. Petitioner was represented at his court-martial by civilian and military counsel. As to the offense charged against him, petitioner stood mute, and a plea of not guilty was entered on his behalf by the military judge. Petitioner challenged the jurisdiction of the United States Army to try him asserting that he was not properly inducted because a defective procedure was used at the Armed Forces Examining and Entrance Station at Fort Hamilton, New York on August 1, 1967 when he reported there for induction in that he was not asked to nor did he take the symbolic step forward.

3. Petitioner first registered with his draft board on July 13, 1963, and was soon thereafter classified 1–A. He was reclassified 2–S for a short period of time. As a result of being convicted of three counts of Breaking and Entering, he was placed on probation. Because he did not respond to correspondence

sent him from his draft board, on December 16, 1965, he was reclassified 1–A. He informed the draft board that he was on probation. This was verified and petitioner was accordingly reclassified 1–Y.

4. Petitioner was released from probation, and on April 18, 1967, was reclassified 1–A. On July 14, 1967, he was ordered to report for induction. Petitioner, on August 1, 1967, appeared at the Armed Forces Examining and Entrance Station, Fort Hamilton, New York and was processed for induction.

5. As a part of the processing, petitioner was directed to stand in a formation in the ceremony room of the station, along with approximately fifty other registrants. The joint processing officer, Captain Benjamin McPherson, read the following statement to them:

"You are about to be inducted into the Armed Forces of the United States, in the Army, the Navy, the Air Force, or the Marine Corps, as indicated by the service announced following your name when called. You will take one step forward as your name and service are called and such step will constitute your induction into the Armed Forces indicated."

Thereafter, the roll of registrants in the room was called and every person stepped forward, including petitioner. The registrants were then properly informed that they were to take the oath of allegiance and that the taking of the oath was not part of the induction. Petitioner indicated that he did not wish to take the oath. He was advised that he was already in the Army and that whether he took the oath or not would have no effect on his military commitment. When he persisted in his refusal, a Department of the Army (DA) Form 873 "Certificate of Clearance and/or Security Determina-

tion" was completed stating that Petitioner was "Not eligible for security clearance or assignment to sensitive duties by reason of refusal to subscribe to oath of allegiance."

6. Petitioner executed a number of documents at the AFEES including a form entitled "Acknowledgment of Service Obligation" which contained the following language: "I Robert Vincent Harmash having been inducted into the Army of the United States on this 1st day of August 1967 . . . ."

7. After the induction ceremony, petitioner was provided transportation to the Reception Station at Fort Jackson, South Carolina. From there, he was assigned to a Basic Combat Training Company. Shortly after being assigned to the company, petitioner made a suicide gesture and received appropriate medical treatment. Petitioner underwent basic training, albeit reluctantly, was issued and wore military clothes and glasses, accepted an advance on his pay on the 10th of August and first full month's pay at the end of August, 1967. Because petitioner failed to demonstrate potential to be an effective soldier, his unit commander undertook to initiate administrative elimination procedures against him under Army Regulation 635–212. As required by that regulation, petitioner was interviewed at the mental hygiene clinic and at the office of the Post Legal Advisor. His unit commander, Captain Davis, also counseled petitioner to encourage him to perform his duties. Petitioner never asserted to Captain Davis, and there is no record that he ever asserted to anyone else, that his induction was in any way defective. Petitioner departed Fort Jackson AWOL (absent without leave) on September 8, 1967.

8. Petitioner was apprehended as a deserter wanted by the Armed Forces on February 21, 1968, and was tried by a Special Court-Martial at Fort Dix, New Jersey, on March 23, 1968, for AWOL. He pleaded guilty and was sentenced to be confined at hard labor for three months and to forfeit $50.00 per month for three months. Even though he was represented by counsel he neither challenged the jurisdiction of the Army to court-martial him nor asserted that he had not been properly inducted.

9. Less than a week later, petitioner escaped from the Fort Dix Stockade and remained at large until apprehended in December 1971 for possession of a quantity of marijuana. He was tried and convicted in the United States District Court for the Eastern District of New York and was permitted to post bond pending sentencing in order to resolve his difficulties with the military. On June 28, 1972, petitioner surrendered himself to military authorities and served the balance of his sentence from his 1968 court-martial. Petitioner was then charged with absence without leave from March 29, 1968, until June 28, 1972. He was tried by General Court-Martial beginning November 1, 1972 and continued to November 8, 1972. At this trial petitioner asserted for the first time that he had not taken the critical step forward at the induction ceremony.

## CONCLUSIONS OF LAW

1. The military has no jurisdiction to try a person in a military court unless such person has been properly inducted into the armed forces, unless otherwise provided by law. See Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917 (1943).

2. The manner and method of affecting induction is governed here by Army regulations. See Billings v. Truesdell, supra.

3. Induction is complete when the registrant takes the step forward when his name is called during the induction ceremony. The oath of allegiance is not a part of induction, so that failure to take the oath does not negative induction. See Army Regulation in effect on August 1, 1967, AR601–270 dated August 1965.

4. Since the Court found as a matter of fact that petitioner took the requisite step forward, the Court concludes that petitioner was properly inducted into the Army. It follows that the Army had jurisdiction to try petitioner in a court-martial proceeding, and still has jurisdiction.

Since the military courts have jurisdiction of petitioner, and since he has not exhausted his remedies within the military court system, petitioner's application must be denied.

It is ordered that this action be dismissed.